# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

August 13, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RICHARD A. CARPER,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0490**  (BOR Appeal No. 2047945)
(Claim No. 2002044959)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**SYCAMORE CREEK INDUSTRIES, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Richard A. Carper, by Steven Thorne, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Anna Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 24, 2013, in which the Board affirmed a November 16, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 5, 2012, decision denying Mr. Carper's request for authorization of the medications Percocet and Diclofenac. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Carper was injured on January 21, 2002, when he hit a pothole in the course of his employment as a truck driver, and the claim was held compensable for a cervical sprain/strain. Mr. Carper received pain management care from David Caraway, M.D., who noted that a cervical spine MRI revealed degenerative changes and herniated nucleus pulposi at C3-4, C4-5, and C6-7. He diagnosed Mr. Carper with a cervical sprain and brachial radiculitis, and treated him with Percocet and Diclofenac, among other medications. On February 22, 2011, Jerry Scott, M.D., performed an independent medical evaluation and found that Mr. Carper's current complaints are typical of those reflecting a degenerative condition. He further found that Mr. Carper's current treatment regimen appears generally directed at alleviating the symptoms associated with underlying degenerative changes. On January 5, 2012, the claims administrator denied Mr. Carper's request for authorization of the medications Percocet and Diclofenac.

In its Order affirming the claims administrator's decision, the Office of Judges held that a preponderance of the evidence fails to demonstrate that the requested medications are medically necessary and reasonably required to treat the compensable injury. Mr. Carper disputes this finding and asserts that the evidence of record demonstrates that the requested medications are necessary for the treatment of his compensable injury.

The Office of Judges found that authorization for the requested medications was previously denied by the claims administrator on June 28, 2011, based on Dr. Scott's independent medical evaluation. The Office of Judges further found that it affirmed the claims administrator's June 28, 2011, decision in an Order dated December 12, 2011. The Board of Review affirmed the December 12, 2011, Order of the Office of Judges on July 12, 2012, and this Court affirmed the Board of Review's July 12, 2012, Order on March 18, 2014.

The Office of Judges found that its prior December 12, 2011, denial of authorization for Percocet and Diclofenac forms the basis for its denial of authorization for the requested medications in the instant appeal. The Office of Judges noted that in the instant appeal, Mr. Carper has merely provided additional treatment notes from Dr. Caraway. However, the Office of Judges found that these treatment notes contain no additional information that sets the instant request for authorization of Percocet and Dicolfenac apart from the request for authorization of these medications that was previously denied. Further, the Office of Judges found that Dr. Caraway's treatment notes provide no information as to why the use of the requested medications would now be justified in the treatment of the compensable injury. Finally, as in its prior decision, the Office of Judges relied on Dr. Scott's finding that Mr. Carper's current complaints arise from degenerative changes and not from the compensable injury. The Board of Review reached the same reasoned conclusions in its decision of April 24, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   August 13, 2014**

**CONCURRED IN BY:**

Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum